[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REARING IN DAMAGES
Votre Associates, P.C. appeared for defendant H.R. Solutions, Inc. on September 24, 1998. The same firm entered an appearance for defendant Turbomotive, Inc. on October 30, 1998.
Plaintiff's "Motion For Default For Failure to Respond to Discovery" was filed on July 9, 1999. On August 30, 1999 the court (Blue, J.) entered the following "Order 8/30/89":
 "Compliance is ordered by 10/8/1999. If the moving party has not received compliance by that date, it may file an additional motion attesting to that fact and CT Page 7474 referencing this order, at which time default will be granted." (118).
On October 19, 1999 plaintiff filed his "Motion For Default For Failure to Respond to Discovery" (120). On December 23, 1999 the court (Devlin, J.) entered the following order:
 "Default shall enter against the defendants for failure to comply with Judge Blue's order of August 10, 1999" (120).
On January 5, 2000 plaintiff filed his certificate of closed pleadings and claim for a Hearing in Damages (122).
William Monaco the plaintiff in this case seeks damages against the defendant Turbomotive, Inc. and the defendant H.R. Solutions, Inc. (arising) "in part, out of an express contract."
The first count seeks $9,540.00 as Monaco's fee for the placement of one William Young in a position as a mechanical designer with Turbomotive, Inc. Monaco "invoiced" Turbomotive for that amount.
The second count seeks $9,540.00 as fair and reasonable value of said services from Turbomotive, Inc.
The third count alleges that after "invoice and demand" Turbomotive paid the amount in question to H.R. Solutions, Inc. in error and unjustly enriched H.R. Solutions, Inc.
The fourth count alleges that defendants conspired to deprive plaintiff of funds due him.
The fifth count seeks triple damages C.G.S. § 52-564.
Plaintiff placed in evidence:
Exhibit A — "Exclusive Placement Resolution" signed by plaintiff and his client Young.
Exhibit B — Summary of qualification of Mr. Young.
Exhibit C — Copy of invoice for $9,540.00 Attn: John Splain.
Defendant placed in evidence:
Exhibit 1 — Invoice for $9,450.00 CT Page 7475
Exhibit 2 — Form W-4 (1995)
Exhibit 3 — CT W4 Conn.
The above exhibits have all been reviewed and studied. Defendant's exhibit 1 is marked to "Attn: John Splain, Turbomotive, Inc." (address as printed). This invoice for the same sum of $9,540.00 is on a letterhead of "Trinity Design Staffing, The Hire Authority Inc., 31 Washington Avenue, North Haven, CT."
This evidence from defendant sparked the testimony from plaintiff, on cross examination, that he was not personally registered with the Labor Commissioner "as my name, as a corporation, no, whatever no, I was not." (C.G.S. § 31-130).
It is the claim of defendants that the plaintiff may not recover due to his violation of C.G.S. § 31-130. The defendants claim specifically that plaintiff admitted violation of C.G.S. § 31-130 (i) precludes his recovery.
Section 31-130 (i) states:
 "No person shall engage in the business of procuring or offering to procure employees for persons seeking the services of employees or supplying employees to render services where a fee or other valuable thing is exacted, charged or received from the employer for procuring or assisting to procure or supplying such employees unless he registers with the Labor Commissioner. Application for such registration or for the annual renewal of such registration shall be on forms furnished by the commissioner and shall be accompanied by a fee of one hundred fifty dollars."
A reading of § 31-131 (a)(b)(c)(d)(e)(f)(g) and (h) supports the conclusion that (i) is mandatory and no "person shall engage . . . where a fee or other valuable thing is expected."
Judgment for defendants on all counts.
 John N. Reynolds Judge Trial Referee